May it please the Court, my name is Patrick Kent and I represent Ever Medina from his appeal from the District Court of Maryland before this Honorable Court. The issue pending before the Court is whether the District Court imposed a procedurally unreasonable sentence in this case by ordering that Mr. Medina serve a term of 30 months of imprisonment after finding that a Maryland probation before judgment disposition constituted a conviction requiring a four-level enhancement pursuant to USSG 2L1.2 B1D which required a finding that Mr. Medina was deported after a quote conviction for any other felony. With the application of the disputed four-level enhancement it resulted in an advisory guidelines range of 10 to 16 months, Your Honor. Without the disputed four-level enhancement the guidelines would have been two to eight months. As I indicated the Court imposed a sentence of 30 months. The disputed dispositions that were the basis of the four-level enhancement arose from 2004 when Mr. Medina received a probation before judgment disposition in the District Court for Howard County for the offense of deadly weapon concealed in possession of marijuana. The Maryland Courts have held that a diversionary disposition such as a probation before judgment does not indeed constitute a conviction. Yes, Your Honor. And moving on to that it is well settled in the circuit that for the purposes of calculating the criminal history points that pursuant to Chapter 41.2 that a Maryland probation before judgment disposition is considered a diversionary disposition counting for criminal history points. There is no argument that has been made by the government in any of its brief that in fact it doesn't constitute a diversionary disposition in the federal court system. They couldn't make it because in fact it's well settled that it does in fact constitute a diversionary disposition. What is significant is that Section 201.2B does not contain a cross-reference to the provisions of Chapter 41.2 which are referenced in as a matter of an example as to the definition of other felony that is in dispute here. And the reason that that is important is when you look at application note number three to U.S.S.G., the career offender guideline provisions of 4B1.2, we see that there is an explicit cross-reference to Chapter 4 that the provisions of 4A1.2 are applicable to the counting of convictions under 4B1.1. The reason that that's important is it explicitly allows deferred dispositions such as a probation before judgment to constitute a predicate conviction for enhancement under the sentencing guidelines. Could you slow down? Yes, Your Honor. And just to back up, so the most important thing that we have here is the lack of a specific cross-reference between the matter of what's pending before the court, which is Section 201.2B, that there is no cross-reference to Chapter 4 such that it would incorporate a diversionary disposition. That doesn't get you anywhere. It just means that you go to the plain meaning of conviction. Well, to respond to that, Your Honor, what I would indicate is that when we look at the provision at hand at 2L1.2, there are specific, it's not that there's an absence of cross-references to Chapter 4, that in 2L1.2, there are explicit cross-references. And when we look at the five of a cross-reference, it doesn't bother me. Part of it is that it's so obvious that a guilty plea is a conviction. And that's what you have here. They didn't need to spell it out. I don't think they would have necessarily have to spell out everything that might constitute a conviction. They can leave that to the interpretation in the courts. But the problem at the heart of your case that I have is how is a guilty plea not a conviction? I mean, the proposition doesn't make sense. And the Supreme Court has said convictions include a guilty plea. And here, I guess, there's a guilty plea of possession of a dangerous weapon or possession of a concealed dangerous weapon. And you pleaded guilty to a criminal offense. And if you plead guilty to a criminal offense, it kind of walks like a duck and quacks like a duck. Sure seems like a conviction to me. If I could respond to the court, what I would submit is that a probation before judgment, there is no finding. Formal conviction is not imposed. There's not a formal judgment. It is simply that there is probation before judgment. And when we look to 2L1.2, the drafters are assumed to cross-reference two definitions that they believe to be applicable. And what we know and what the district court urges and the government urges is that, in fact, that when we look to the definitions that are contained in the immigration statute, that when we look at Title 8 U.S.C. 1101, specifically at subsection 48, that that was the definition of a conviction that the court utilized to say that, in fact, a probation before judgment disposition should qualify as a predicate disposition. But you've got a lot of other courts, including the Fifth Circuit in the Valdez-Valdez case, where the courts, and there are good many of them. There's the Cuevas case in the First Circuit. And the courts have routinely referred to the definition of conviction in construing the term conviction here. They refer to 4A1.2, 2K2.1, and both of those explicitly include deferred adjudications in the term conviction. And again, we have before us an argument that would place us at odds with the other circuits, which have used those. They've said, OK, we go to the plain meaning of conviction. We can already draw from 4A1.2 and 2K1.2 or whatever it is. They've defined conviction as a diversionary disposition. But I keep coming back to the point, how can it, under federal law, I mean, I think people would really wonder if we said a guilty plea to conceal possession of a dangerous weapon is not a conviction. It's a guilty plea for heaven's sake. But what I would respond to, Your Honor, it's a guilty plea that judgment. It's not considered a conviction. It is probation before judgment. Well, whatever the, excuse me, Judge Duncan. Go ahead. I was going to ask, in your brief, you assert that it's appropriate to look to state law to determine the nature. And you didn't really press that here. You shifted into the discussion of federal law. Is it still your view, would you still contend that the analysis should be conducted under state law? Your Honor, I think that ultimately, whether the court were to define it under a federal law definition, under a state law definition, that we would still reach the same resolution. And the reason that I would submit that to the court is there are specific cross-references, first starting with the federal piece of this, Your Honor. The Sentencing Guidelines provision explicitly, in three provisions, cross-reference Title 8 U.S.C. 1101. 1101 is the section that had the definition of conviction, which includes deferred dispositions that the court found persuasive. What 2L1.2 does is it cites to that very statute to define three different things. And the reason that's important is that if 2L1.2 was really cross-referencing automatically without any explicit cross-references, there wouldn't need to be any cross-references. But in fact, at three sections, one, we know that in reference to a conviction for an aggravated felony, which is found in application number three, it says to define aggravated felony, you are to go to the meaning that is given in Title 8 U.S.C. 1101 A43. And then in two other sections. Do you dispute the, on page 12 to 13, the government says, and I really think you're trying to confuse something that's very simple, and throw up a lot of smoke here to try to convince us that a guilty plea is something other than a conviction. And the government says on page 12 to 13 of its brief, other courts have unanimously concluded that a diversionary disposition qualifies as a predicate conviction under 2L1.2B. And then a number of citations are provided to the First Circuit and to the Fifth Circuit and the rest. And again, there's a value to uniformity and an approach of uniformity to with an awful lot of cases. But you're also going to put us at odds with a very practical proposition recognized by Judge Bedar, which is, yes, if you plead guilty to an offense, you plead guilty to an offense. Yeah, that's a conviction. Yeah. To address the five circuits that the court is making reference to in the government's brief, I would submit that the only case that they have cited that is directly on point with this is United States v. Valdez-Valdez, which is out of the Fifth Circuit, because that is the only case that they have cited that deals with how to grapple with the issue of what constitutes another felony subject to the four-level enhancement. The other cases are distinguishable. Frankly, some of them have limited analysis. When we look to the Eleventh Circuit decision cited, U.S. v. Anderson, by the Tenth Circuit decision of the United States v. Zamudio. Mr. Kent, could I ask what definition of conviction would you have us adopt? And that's precisely the issue. If there is ever a case that I believe that the rule of lenity would apply is here where there is and it is ambiguous as to what should be the cross-reference definition for the term of conviction. You do realize that that is not responsive to my question. My question was, what would you have us take as the definition of conviction? I think it's two-fold, which is one, I think we can look to the state court definition, which is a probation before judgment is not considered a conviction. But then we would, it goes back to my threshold question of whether or not reference to state law is even appropriate. So under federal law, what would you have us take as the definition of conviction? And the problem is that there is not one uniform definition that we can look to. And what I would submit as to why I find it to be ambiguous is that the Sentencing Guidelines Commission, if they wanted to include a deferred disposition according to a federal definition of the statute, it just But we can't invoke the rule of lenity to create a definition. We invoke the rule of lenity in interpreting an ambiguous definition. What I'm trying to ascertain is your starting point. Right. And the starting point is the sentencing guidelines. And what I would submit is that the provision at hand creates, it is ambiguous because three out of the five enhancement provisions cross-reference Chapter 4 in reference to Why is there an ambiguity when 4A1.2 and 2K1 or whatever it is, both include, would interpret the definition of conviction, the best evidence we have is the fact that there are these other guidelines, provisions that say, yeah, a diversionary disposition is a conviction. And apart from that, because we haven't gotten into it, Judge Bredar made, we're talking about an enhancement here, but Judge Bredar went through these 3553A factors, went through them pretty clearly. And he took into account that after the illegal reentry, your client threatened a security officer with a knife. And the judge was aware of that. And whether the enhancement is, I mean, I think the enhancement clearly applies. But even if it, for some reason, didn't, when you look at Judge Bredar's sentencing here, he goes by, you know, he goes through these sentencing factors in 3553A very carefully. And he says, look, there's some bad conduct here. And you get the feeling at the end of the day that, okay, I'm not going to impose a guideline sentence. I'm going to impose a sentence that I which I've indicated a lot of skepticism about. What would be the point in sending this back to Judge Bredar to have him do the same thing he's already done, with good reason, I might add, given what he was pointing to? What I would respond to is, of course, the issue of why this is not harmless if the court were to find an error. And what I would submit is that we believe that the guidelines, if correctly calculated without the disputed four-level enhancement, would be two to eight months. He imposed a sentence of 30 months. 30 months would represent under our, what we believe to be the correct guidelines, over 15 times what the two months were called for at the lower end, and almost four times the high end of eight months. In simply doing that, in reference to the conviction that he made the enhancement on, it was for, as indicated in the briefs, for a 10-year suspended sentence for a second degree assault for the display of a knife. He never calculated why he would, if he would vary to the same degree that he did, based on if the guidelines, the original starting point had been two to eight months. After he gets finished saying that the guidelines do not capture the magnitude of the defendant's conduct, they do not take into account the picture that's presented here, the court did not arrive at its sentence as a result of the beyond, not helpful advisory guidelines range. Now, given the Supreme Court's preference for discretionary, a certain discretionary call, can we, that's no abuse of discretion when you look how careful the district court was. He didn't make an error to begin with, and you know, even if he did, what's the point in just sending something back when the district court has said, I'm going to do this no matter what? Your Honor, I'm out of time. If the court would like me to respond. Why don't you respond during rebuttal, would you mind? Yes, Your Honor. Thank you, Your Honor. Mr. Rosenstein. Thank you, Your Honor. Good morning. May it please the court, Rod Rosenstein for the defendant's argument finds no support in the law or in logic, but I do want to address a couple of representations that counsel has made. First of all, Your Honor, the federal definition of conviction, as Judge Wilkinson has noted, is not, is, or pardon me, does not require entry of judgment. It requires a guilty plea followed by punishment, and you know, that's the factor the Supreme Court has identified in the Dickerson case, which is cited in our brief. It's the fact that the guilty plea is provided by the defendant, the court imposes punishment, and that is the default definition of a conviction under federal law. That, Your Honors, is the unanimous judgment of the federal courts. Counsel has identified, has noted that the opinions are brief. We submit their brief because the issue is in fact obvious. Federal law is consistent on that point, and federal law applies. The point that Mr. Kent made about the statute failing to expressly incorporate, pardon me, the guideline 2L, 2.1, failing, 1.2, failing to expressly incorporate the statute we believe is misguided, this guideline is expressly directed to violations of Title VIII. The definition of conviction in Title VIII, Mr. Kent has identified in 1101A48A, expressly includes deferred adjudications of this type. There's no need for the guideline to expressly reference the statute when the whole point of the guideline is to apply the statute. And it would be bizarre, Your Honor, for the court to take, to conclude that this conviction qualifies under the statute of which the defendant was convicted, qualifies for the enhancement under the statute, but somehow is disregarded for the purpose of the sentencing guidelines, which are intended to implement that statute. So we believe that it's clear under federal law that this conviction does count for purposes of 2L, 1.2. Moreover, Your Honor, the defendant's argument is misguided insofar he looks to the commentary and says, well, in one section of the commentary, the commission has expressly cross-referenced the statute. We submit, Your Honor, if you look at that point that he's raised, it's comment three, the reason that the commission has cross-referenced the statute is because it's changing the definition. In other words, the statute is presumed to apply unless the commission wants to change it. And in that comment, Your Honor, comment three, what the court says is that the definition of aggravated felony is taken from 1101A43 without regard to the date of conviction. Now, why does the commission say that? Because in the statute, the date of conviction is relevant. In the statute, convictions are only applied within the past 15 years. The commission has said, we want to change the definition of the statute. And that's why we cross-reference it, because we say we mean to expand the definition beyond what's provided in the statute. The default rule we submit under federal law is that the guideline should be presumed to adopt the same definition as the applicable statute. But one final point I'd like to make, Your Honor, and that is to address the point Judge Duncan raised, the defendant purports to rely upon state law to contend that this probation before judgment disposition does not constitute a conviction. But the defendant's brief misstates the state law. Specifically, Your Honor, at page nine of the defendant's brief, he cites the Schilling case. And I did bring this to counsel's attention yesterday. In that case, if Your Honor were to read that case, it's our position, again, that state law is irrelevant. It's a federal question. But if you read the Schilling case. There's no indication whatsoever that this provision wished somehow to incorporate state law definition. That's correct. But the defendant's argument is premised upon it. But even assuming that it did. That's right. If you look at the Schilling case, Your Honor, in fact, what the Schilling case says is it does not say that probation before judgment is never a conviction under state law. What it does is it implements the statute. And the Maryland statute says that a probation before judgment disposition is not a conviction for the purpose of any disqualification or disability imposed by law. It doesn't say for any purpose. It says for the court means by that. For example, a person convicted of perjury may not be a witness. And the courts have ruled, well, if you're convicted of perjury in a probation before judgment context, then that would be a disqualification or disability. And it doesn't count as a conviction for that purpose. But one of those cases cited by the defendant is Schilling v. Maryland. And Schilling, Your Honor, the court, in fact, does count probation before judgment disposition as a conviction. The context there, Mr. Schilling had previously gotten a probation before judgment for driving under the influence. And he was then before the court for a second violation on another occasion. Under Maryland law, a defendant cannot receive probation before judgment twice for driving under the influence. In other words, the second time the defendant appears before the court, the court says, well, have you received a probation before judgment on Well, Your Honor, the only way that the court can achieve that is if the first probation before judgment sentence counts. It can't be a legal nullity if it's going to be relevant to the second sentencing. So in that Schilling case, the court, in fact, reaches the conclusion opposite from what the defendant represents in his brief and says that that first probation before judgment disposition is a conviction for purposes of sentencing in this is a recidivist, a repeat offender. And for purposes of sentencing, it's relevant to the sentencing decision that he has previously pleaded guilty and been sentenced. And that, Your Honor, is the context in which this word conviction is used in the statute. So we respectfully submit that both under probation without judgment is not part of the conviction. It's a separate question. It's a sentencing issue. Probation before judgment is a sentence. And the fact that the defendant received that sentence would be relevant at a subsequent sentencing. Because it's all about criminal history. The context in Schilling is precisely the same context Judge Berdar faced here. Do we, in sentencing this defendant. It's not key to the sentence. The provision is key to the fact of conviction. The fact of conviction. That's correct, Your Honor. The fact that the court has accepted the defendant's plea, hasn't entered a judgment, but the court's accepted the plea, has made a finding that the defendant committed the offense, and has imposed a penalty. It's a probation, which is a penalty. You can't get probation if you're innocent. You get probation as a penalty because you've committed a crime. Well, you do have some criminal provisions and guidelines provisions, which we debated this at Simmons' case about the, where there's been a prior conviction for a one-year sentence or whatever. But this provision isn't drafted in that way. It's drafted, it's key to conviction. Not, I mean, not all provisions are key to conviction. Some provisions, many provisions, are key to the length of a sentence. And in that case, the probation without judgment would come into play. But that's not what we have here. That's correct, Your Honor. Under the guidelines, the fact that the defendant has the prior conviction is what's relevant here. They don't want us to delve into the sentence. It accounts for criminal history points, just the fact of the conviction, regardless of sentence, and it counts for the purposes of the enhancement under 2L1.2, without regard to the length of the sentence. The fact that this is a recidivist distinguishes him from another offender who had not pleaded guilty to a prior offense. And of course, this is just for the purposes of the guideline. The court, if the court finds that the guideline overstates the significance of that offense, the court can depart or vary. But the guideline advises the court to take that into consideration. And Mr. Kent's position essentially is that the fact that this defendant pleaded guilty to a significant offense should be disregarded for purposes of sentencing. We submit that Judge Bedar was correct when he said this is trying to create ambiguity where no ambiguity exists. All right. Do you have anything further? No, Your Honor. Thank you very much. Let me ask another question, at least in terms of the mechanics of the probation without judgment. How does that work? Is that eventually will there be a judgment? No, Your Honor. Now, it's consistent. I believe the law is consistent in many states, but the procedure here is that if the defendant completes his probation successfully, no judgment is entered. And at that point in time, what happens to the conviction? Well, it's on the books. Under Maryland law, the statute actually says that the significance is that it will not be treated as a conviction for purposes of disqualification or disability imposed by law. But as the Schilling case said, it can be treated as a conviction for purposes of computing the defendant's criminal history. So it's relevant for some purposes. It's just not an entered judgment. It's still a finding of guilt for which the defendant has... So it remains a part of the criminal record. It does remain part of his criminal history. That's correct, Your Honor. It's not like an expungement. It's a conviction for purposes, at least, of computing criminal history. Because I'm asking, I know Virginia has a similar type law that deals with minor drug type offenses in which you have a probation period that is offered. But at the end of it, as I understand it, it disappears, I think. But I'm not sure. And then there is, of course, the situation of a prayer for judgment type situation, which is a totally different question. That's right. Which eventually a judgment could be held. Well, we believe, Your Honor, that's one of the reasons why there should be a uniform federal standard. Because states have various provisions. And in some states, different statutes may be subject to probation before judgment resolutions. And some may not. In fact, in Maryland, a defendant is convicted by a jury, could still receive probation before judgment. It's not solely a disposition for guilty pleas. So there are many contexts in which that can happen. But for federal purposes, we believe the significance of a uniform standard is that all the federal courts need to do is say, did he admit his guilt? And if he did, then it's treated as a conviction for federal purposes. And I don't want to be repetitious, but I want to understand, why would you not have judgment? I mean, is it to, as an incentive to go to plea and then you wouldn't actually have a judgment against you? Yes. You simply absurd to probation, but there's no judgment. Well, in Maryland, the significance is you're not subject to whatever disqualifications exist, such as the disqualification from being a witness in a case. In addition, Your Honor, there may be certain contexts under state law in which you're not required to disclose that conviction. For example, if you apply for a job and they ask you if you've ever been a judge, guilty of an offense. It may be that under state law, a defendant who has not had a judgment entered is not required to answer no. Yes, that he can answer no. That's all a function of state law. But for federal purposes, we submit that the court need only look to what happened in the courtroom. And in the courtroom, there was an admission of guilt accepted by the judge. Thank you. We'll come down and greet counsel. Excuse me, Mr. Kent. You weren't at the council table. You come right on up. You've got some rebuttal time. And if it may please the court, in reference, I would like to clarify in reference to the case of Schilling, Your Honor, the government's interpretation is simply not correct. What Schilling dealt with was in the context of the issue was did was error committed when the state did not give notice of an enhanced penalty pursuant to the rule that required enhanced penalty notification. And the probation for judgment statutory scheme was explicitly modified by the General Assembly to say you cannot get to probation before judgments within five years for drinking in a driving offense, that you shouldn't get the benefit, not having a and what they said was, by analogy, in this case, because he's now subjected to an enhanced penalty, meaning he can't get probation before judgment, some form of punishment will be imposed, whether a day or a dollar, that now there's an enhanced penalty and he's entitled to notice. It never transformed anything from that probation and before judgment into a conviction. It doesn't say that. It just simply says that if there's a prior violation, which a probation before judgment would be, or a conviction, then you must be given notice of an enhanced penalty. But that case just does not stand for the proposition that in that context it's considered a conviction. The government also indicated that there's just one isolated cross-reference to the statute of Title VIII USC 1101. Can I go back to the Schilling case? Yes, Your Honor. Your argument about Schilling and all the ins and outs of each of these state laws, Judge Wynn was talking about Virginia and the differences between Maryland and Virginia, and many of these state sentencing schemes are very complicated. Isn't there just a practical difficulty with trying to go deep into the bowels of state law and do this state by state? I'm not sure we'd always get it right. Yes, sir. Mr. Rosenstein disagreeing here, and even if we did get it right, we'd have a whole lot of different approaches to sentencing. One of the reasons guidelines were adopted is to have some rough uniformity, not complete uniformity, but some proximate uniformity. I mean, aren't you leading us down a very complicated path? I don't think it's a complicated path. I think the courts are unambiguous that in Maryland that a probation before judgment's diversionary. This circuit has found that it's a diversionary disposition, but I also think in reference to there were three cross-references of the Sentencing Guidelines Commission in reference to the statute at issue, Your Honor, so I do believe that the rule of lenity applies. Your Honor, I'm out of time at this point. All right. Thank you, Mr. Kent. Thank you, Your Honor. Appreciate it. Thank you. We'll come down and take a brief recess.
judges: J. Harvie Wilkinson III, Allyson K. Duncan, James A. Wynn, Jr.